# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DIANA CENCETTI, INDIVIDUALLY, & AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DAVID MALDONADO, DECEASED, <br><br>*Plaintiffs,*<br><br>v.<br><br>AGCO CORPORATION,<br><br>*Defendant.* | § § § § § § § § § § § § § § <br> CIVIL ACTION NO.  5:20-cv-1395 <br><br> JUDGE |

## INDEX OF DOCUMENTS

EXHIBIT A:   Index of Documents

EXHIBIT B:   Plaintiff's Original Petition

EXHIBIT C:   Request for Process;

EXHIBIT D:   Citation Issued to AGCO Corporation In State Cause No. C20202-1892A, with Affidavit of Service.

EXHIBIT E:   List of Counsel of Record

619932.2 PLD 0018221 20871 AJR

# EXHIBIT B

FILED
C2020-1892A
11/9/2020 5:54 PM
Heather N. Kellar
Comal County
District Clerk
Accepted By:
Neelima Akula

CAUSE NO. C2020-1892A

| | | |
|---|---|---|
| **DIANA CENCETTI, INDIVIDUALLY, &** § | | IN THE DISTRICT COURT |
| **AS PERSONAL REPRESENTATIVE OF** § | | |
| **THE ESTATE OF DAVID** § | | |
| **MALDONADO, DECEASED,** § | | |
| *Plaintiff* § | | |
| § | | ____ JUDICIAL DISTRICT |
| Vs. § | | |
| § | | |
| § | | |
| § | | |
| § | | |
| **AGCO CORPORATION,** § | | COMAL COUNTY, TEXAS |
| *Defendant* | | |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **DIANA CENCETTI, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DAVID MALDONADO, DECEASED,** hereinafter referred to by name or as "Plaintiff" and complains of **AGCO CORPORATION**, hereinafter referred to by name or as "Defendant(s)", and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.  Plaintiff intends that discovery be conducted under Level 3 of Rule 190 Texas Rules of Civil Procedure.

### II.
### PARTIES

2.  Plaintiff Diana Cencetti, is an individual residing in Comal County, Texas.

3. Defendant AGCO Corporation is a foreign corporation doing business in the State of Texas and can be properly served through its registered agent of service: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company 211 E. 7th Street, Suite 620, Austin, TX 78701-3136.

4. Pursuant to Texas Rule of Civil Procedure 28, if any Defendant to this suit has been incorrectly named it is instructed to answer suit in its proper name.

## III.
## JURISDICTION AND VENUE

5. Venue in Comal County, Texas is proper under Section 15.002(a)(4) of the Texas Civil Practice and Remedies Code because subsections (1), (2), and (3) do not apply and it is the county in which the Plaintiff resided at the time of the accrual of the cause of action.

6. The subject matter in controversy is within the jurisdictional limits of this court.

7. The damages sought are within the jurisdictional limits of the court.

8. Plaintiffs assert that the amount of any monetary damages awarded to Plaintiffs should be decided by a jury of Plaintiffs' peers. However, Texas Rule of Civil Procedure 47 requires Plaintiffs to affirmatively plead the amount of damages sought. In compliance with the rule, Plaintiffs plead for monetary relief over $1,000,000.00.

## IV.
## FACTS

10. On June 29, 2020, at approximately 11:39 p.m., Decedent David Maldonado was operating a compact vehicle when an 18wheeler owned by Defendant and operated by an employee of Defendant, and/or one of its subsidiaries unknown to Plaintiff, unlawfully and negligently collided into Decedent David Maldonado's compact vehicle on Federal highway 101 Tula-Ciudad Victoria in the state of Tamaulipas, Mexico. The collision was violent and unexpected, and Decedent David Maldonado died as a result of the collision.

## V.
## CAUSES OF ACTION

12. The collision made the basis of this suit and the resulting injuries and damages to **DIANA CENCETTI, DAUGHTER OF INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DAVID MALDONADO, DECEASED**, were proximately and directly caused by the negligent conduct of Defendant.

**A. DEFENDANT ARGO CORPORATION**

13. Defendant **ARGO CORPORATION** had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

14. Plaintiff's injuries were proximately caused by Defendant **ARGO CORPORATION**'s negligent, careless and reckless disregard of said duty.

15. Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of her natural life.

16. As described herein, Defendant **ARGO CORPORATION** was negligent on the occasion in question and such negligence was the proximate cause of Plaintiffs' injuries and damages.

17. Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which she will continue to suffer in the future, if not for the remainder of her natural life.

18. Defendant's negligent conduct was more than momentary thoughtlessness or

inadvertence. Rather, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to drivers that share the road, such as Plaintiff **DIANA CENCETTI, DAUGHTER OF INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DAVID MALDONADO, DECEASED**, Defendant had actual, subjective awareness of the risk involved, but nevertheless continued with conscious indifference to the rights, safety, or welfare of Plaintiffs **DIANA CENCETTI, DAUGHTER OF INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DAVID MALDONADO, DECEASED** or others similarly situated.

## VI.
## EXEMPLARY DAMAGES

19. The above-referenced acts and/or omissions by Defendant constitute malice as that term is defined in Section 41.001(7) of the Texas Civil Practice and Remedies Code and gross negligence as the term is defined by Section 41.001(11).

20. Defendant's act or omissions described above, when viewed objectively from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

21. Defendant had actual, subjective awareness of the risk involved in the above described acts and omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

22. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in questions and the resulting injuries and damage sustained by Plaintiffs.

23. Therefore, because of such acts of malice and gross negligence on behalf of Defendant. Plaintiff sues for exemplary damages in an amount to be determined at trial.

## VII.
## CAUSATION AND DAMAGES

24. Each of the acts and omissions described above, taken singularly or in any combination, constitutes negligence and gross negligence which proximately caused the collision, injuries and damages as specifically set forth herein, all of which **DIANA CENCETTI, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DAVID MALDONADO, DECEASED** suffered.

25. As a direct and proximate result of the collision and the negligent conduct of Defendant, David Maldonado, Deceased, died as a result of the injuries he sustained.

26. Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs **DIANA CENCETTI, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DAVID MALDONADO, DECEASED**, incurred the following damages:

    a. Pecuniary Loss sustained in the past: loss of the care, maintenance, support, services, advice, counsel and reasonable contributions of a pecuniary value, that **DIANA CENCETTI** in reasonable probability would have received from **DAVID MALDONADO** had he lived;

    b. Pecuniary Loss that, in reasonably probability will be sustained in the future;

    c. Loss of companionship and society sustained in the past: loss of the positive benefits flowing from the love, comfort, companionship, and society that **DIANA CENCETTI**, in reasonable probability would have received from **DAVID MALDONADO** had he lived;

    d. Loss of companionship and society that in reasonable probability will be sustained in the future;

e. Mental anguish sustained in the past: emotional pain, torment, and suffering experienced by **DIANA CENCEITTI** because of the death of **DAVID MALDONADO**; and

f. Mental anguish that, in reasonable probability, will be sustained in the future.

27. For each of the foregoing, Plaintiff seek damages in an amount within the Court's jurisdictional limits.

## DAMAGES: DECEDENT'S ESTATE

Pursuant to Texas Civil Practice & Remedies Code §71.021

28. As a direct and proximate result of the incident, **DAVID MALDONADO** lost his life. As representative of the decedent's estate, Plaintiff **DIANA CENCETTI,** seeks the following damages:

a. Pain and mental anguish: the conscious physical pain and emotional pain, torment, and suffering experienced by **DAVID MALDONADO** before his death as a result of the occurrence in question;

b. Medical Expenses: Reasonable expense of the necessary medical and hospital care received by **DAVID MALDONADO** for treatment of injuries sustained by him as a result of the occurrence in question;
and
c. Funeral and burial expenses.

30. For each of the foregoing, Plaintiffs seek damages in an amount within the Court's jurisdictional limits.

## VIII.
## PREJUDGMENT AND POST-JUDGMENT INTEREST

31. Plaintiffs seek prejudgment and post-judgment interest as allowed by law.

## IX.
## TEXAS RULE OF CIVIL PROCEDURE 193.7

32. Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiffs **DIANA CENCETTI, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF**

**DAVID MALDONADO, DECEASED**, hereby gives notice to Defendant that any and all documents produced by Defendant may be used against Defendant producing the documents at any pre-trial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## X.
## JURY DEMAND

39. In accordance with Texas Rule of Civil Procedure 216, Plaintiffs **DIANA CENCETTI, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DAVID MALDONADO, DECEASED,** hereby request a trial by jury and have already paid the required jury fee.

## XI.
## RULE 194 REQUEST FOR DISCLOSURE

40. Pursuant to Rule 194 TEX. R. CIV. P., Defendants are requested to disclose the information and material described in Rules 194.2(a) -(l) TEX. R. CIV. P. within fifty (50) days after service of the citation and petition

## XII.
## PRAYER

41. Plaintiffs **DIANA CENCETTI, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DAVID MALDONADO, DECEASED,** respectfully prays the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendant for actual damages as alleged and exemplary damages, in an amount within the jurisdictional limits of this Court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court, and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

**LAW OFFICES OF THOMAS J. HENRY**
P.O. Box 150
Corpus Christi, Texas 78403
Telephone: 361-985-0600
Facsimile: 361-985-0601


BY:   */S/ PETER M. ZAVALETTA*
Peter M. Zavaletta
State Bar No. 22251600
*email: *pzavaletta-svc@thomasjhenrylaw.com*
**\* Service by email to this address only**
***ATTORNEYS FOR PLAINTIFFS***

# EXHIBIT C

FILED
C2020-1892A
11/9/2020 5:54 PM
Heather N. Kellar
Comal County
District Clerk
Accepted By:
Neelima Akula



**CAUSE NUMBER:** C2020-1892A  
**DISTRICT COURT:** _____  

**DATE:** 11/09/2020

**HEATHER N. KELLAR**  
**COMAL COUNTY DISTRICT CLERK**  
**REQUEST FOR PROCESS**

**Request the following process: (Please check all that Apply)**

__X__ Citation _____ Notice ____ Temporary Restraining Order _____ Notice of Temporary Protective Order  
____ Temporary Protective Order ____ Precept with Hearing ____ Precept without Hearing  
____ Writ of Attachment ____ Writ of Garnishment ____ Writ of Sequestration ____ Capias/Warrant  
____ Other

COURT APPOINTED_____   RETAINED_____   PAUPER'S AFFIDAVIT_____

**1. Name** AGCO Corporation  
**Registered Agent/By serving:** Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company  
**Address:** 211 E. 7th Street, Suite 620, Austin, TX 78701-3136  
**Service Type: (check one)** _____ **PRIVATE PROCESS** _____ **SHERIFF** ____ **CERTIFIED MAIL** _____ **ATTORNEY PICK-UP** ____ **OUT OF COUNTY** ____ **SECRETARY OF STATE** ____ **PUBLICATION**  
____ **POSTING/COURTHOUSE DOOR** __X__ **MAIL BACK TO REQUESTER**

**2. Name**_____  
**Registered Agent/By serving:** _____  
**Address:** _____  
**Service Type: (check one)** _____ **PRIVATE PROCESS** _____ **SHERIFF** ____ **CERTIFIED MAIL** _____ **ATTORNEY PICK-UP** ____ **OUT OF COUNTY** ____ **SECRETARY OF STATE** ____ **PUBLICATION**  
____ **POSTING/COURTHOUSE DOOR** ____ **MAIL BACK TO REQUESTER**

**3. Name**_____  
**Registered Agent/By serving:** _____  
**Address:** _____  
**Service Type: (check one)** _____ **PRIVATE PROCESS** _____ **SHERIFF** ____ **CERTIFIED MAIL** _____ **ATTORNEY PICK-UP** ____ **OUT OF COUNTY** ____ **SECRETARY OF STATE** ____ **PUBLICATION**  
____ **POSTING/COURTHOUSE DOOR** ____ **MAIL BACK TO REQUESTER**

**4. Name**_____  
**Registered Agent/By serving:** _____  
**Address:** _____  
**Service Type: (check one)** _____ **PRIVATE PROCESS** _____ **SHERIFF** ____ **CERTIFIED MAIL** _____ **ATTORNEY PICK-UP** ____ **OUT OF COUNTY** ____ **SECRETARY OF STATE** ____ **PUBLICATION**  
____ **POSTING/COURTHOUSE DOOR** ____ **MAIL BACK TO REQUESTER**

**TITLE OF DOCUMENT/PLEADING TO BE ATTACHED TO PROCESS:** Plaintiff's Original Petition and Request for Disclosure

**ATTORNEY (OR ATTORNEY'S AGENT)/PRO SE REQUESTING SERVICE:**  
**NAME:** Peter M. Zavaletta       **PHONE:** (361) 985-0600  
**ADDRESS:** Thomas J. Henry Law, PLLC  
P.O. Box 150, Corpus Christi, TX 78403

**ATTORNEY FOR:**  
**PLAINTIFF/PETITIONER** __X__       **DEFENDANT/RESPONDENT**_____       **OTHER**_____



**FILED**
C2020-1892A
11/19/2020 2:06 PM
Heather N. Kellar
Comal County
District Clerk
Accepted By:
Marycruz Meza

## CIVIL CITATION
### THE STATE OF TEXAS
### C2020-1892A
### 22nd District Court

**AGCO Corporation**
Corporation Service Company d/b/a/ CSC-Lawyers Incorporation Service Company
211 E. 7th Street, Suite 620
Austin, TX 78701-3136

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next after the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you. Said ORIGINAL Petition was filed in said Court on the 9th day of November, 2020 in this cause, C2020-1892A on the docket of said court, and styled,

**DIANA CENCETTI; THE ESTATE OF DAVID MALDONADO, DECEASED**
**VS.**
**AGCO CORPORATION**

ATTORNEY FOR PETITIONER:  PETER M. ZAVALETTA
THOMAS J. HENRY LAW PLLC P.O. BOX 150
CORPUS CHRISTI, TX 78403

The nature of Plaintiff's demand is fully shown by a true and correct copy of ORIGINAL Petition, accompanying this citation, and made a part hereof.

The officer executing this writ shall forthwith serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

Issued and given under my hand and the seal of said court at New Braunfels, Texas, this 12th day of November, 2020 A.D.

HEATHER N. KELLAR
District Clerk, Comal County, Texas
199 MAIN PLAZA, SUITE 2063
New Braunfels, TX 78130

By _____, Deputy
Linda Ruiz

## RETURN OF SERVICE
### CAUSE NO: C2020-1892A

DIANA CENCETTI, INDIVIDUALLY, & AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DAVID MALDONADO, DECEASED,
VS.
AGCO CORPORATION,

Executed when copy is delivered:
This is a true copy of the original citation, was delivered to defendant _____, on the ____ day of _____, 20_____.

_____, Officer

_____, County, Texas

By: _____. Deputy

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20_____, at _____ o'clock ____M., and executed in _____ County, Texas, by delivering to each of the within named defendants, in person, a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the plaintiff's petition, at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE, COURSE & DISTANCE FROM COURTHOUSE |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

And not executed as to the defendant,_____
the diligence used in finding said defendant, being:_____
and the cause or failure to execute this process is: _____
and the information received as to the whereabouts of said defendant(s) being:
_____

FEES-Serving Petition and Copy $65.00

_____, Officer
_____, County, Texas
By: __*See Attached Affidavit*__ Deputy
_____, Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT,**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:
" My name is _____, my date of birth is _____, and my address is
       (First, Middle, Last)
_____.
(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of _____.

_____        _____
Declarant/Authorized Process Server        (ID # & expiration of certification)
SUBSCRIBED AND SWORN TO BEFORE ME by the said_____ this the _____ day of _____
20____ to certify which witness my hand and seal of office.

Notary Public, State of Texas
Notary's Name Printed:

_____

My commission expires_____

# AFFIDAVIT OF SERVICE

| | | |
|---|---|---|
| **State of Texas** | **County of Galveston** | **22nd Judicial District Court** |

Case Number: C2020-1892A

Plaintiff:
**Diana Cencetti, Individually, & As Personal Representative of the Estate of David Maldonado, deceased**

vs.

Defendant:
**Agco Corporation**

For:
Law Offices of Thomas J. Henry
521 Starr Street
Corpus Christi, TX 78401

Received by Texas Priority Process Service, Inc. on the 16th day of November, 2020 at 10:51 am to be served on **Agco Corporation by serving its registered agent, Corporation Service Company d/b/a CSC-Lawwyers Incorporation Service Company, 211 E. 7th Street, Suite 620, Austin, Travis County, TX 78701**.

I, Dane R. Cuppett, being duly sworn, depose and say that on the **16th day of November, 2020 at 3:17 pm, I:**

delivered to the **REGISTERED AGENT** by delivering a true copy of the **Citation and Plaintiffs' Original Petition and Request for Disclosure** with the date of delivery endorsed thereon by me, to **Samantha Guerra, Corporation Service Company d/b/a CSC-Lawwyers Incorporation Service Company** as the designated agent to accept service of process at the address of **211 E. 7th Street, Suite 620, Austin, Travis County, TX 78701** on behalf of **Agco Corporation** and informed said person of the contents therein.

I certify that I am over the age of 18, have no interest in the above action, and am a certified process server, in good standing, in the judicial circuit in which the foregoing occurred. The facts in this affidavit are within my personal knowledge and true and correct.

Subscribed and sworn to before me on the 16th day of November, 2020 by the affiant who is personally known to me.

NOTARY PUBLIC
NICOLE M. WADE
My Notary ID # 129086987
Expires August 9, 2024

Dane R. Cuppett
PSC-7114, Exp. 10/31/21
Date 11/16/2020

Texas Priority Process Service, Inc.
P.O. Box 852188
Mesquite, TX 75185
(214) 742-3100

Our Job Serial Number: ATX-2020011720

**EXHIBIT D**

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1t

# EXHIBIT E

## LIST OF ALL COUNSEL OF RECORD

**Attorneys for Diana Cencetti, Individually, & As Personal Representative Of The Estate Of David Maldonado, Deceased**

Peter M. Zavaletta
State Bar No. 22251600

LAW OFFICES OF THOMAS J. HENRY
P.O. Box 150
Corpus Christi, Texas 78403
Telephone: 361-985-0600
Facsimile: 361-985-0601
Email: pzavaletta-svc@thomasjhenrylaw.com


**Attorneys for Defendant AGCO Corporation**

Robert G. Smith
Tex. Bar No. 00794661
Adam J. Russ
Tex. Bar No. 24109435
LORANCE THOMPSON, P.C.
2900 North Loop West, 5th Floor
Houston, Texas  77092
Telephone:     (713) 868-5560
Facsimile:     (713) 864-4671
Email:         rgs@loracethompson.com
               ajr@lorancethompson.com

*Attorneys For Defendant AGCO Corporation*

619932.2 PLD 0018221 20871 AJR